Marytza J. Reyes (SBN 218684)
  reyes@sanchez-amador.com
Brittaney de la Torre (SBN 318150)
  delatorre@sanchez-amador.com
SANCHEZ & AMADOR, LLP
800 S. Figueroa Street, Suite 1120
Los Angeles, California 90017
(213) 955-7200 Tel
(213) 955-7201 Fax

Attorneys for Defendant
Flowserve US Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THERESA OVERING, an individual<br><br>       Plaintiff,<br><br>     v.<br><br>FLOWSERVE U.S. INC., a Delaware Corporation<br><br>       Defendant. | Case No. 22-cv-00150<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>*[LASC Case No. 21CMCV00324]* |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF THERESA OVERING AND HER COUNSEL OF RECORD:

Pursuant to 28 U.S.C. §§ 1332, 1367, and 1441, Defendant Flowserve US Inc., ("Flowserve") hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles, to the United States District Court, Central District of California, Western Division.  The ground for removal is complete diversity of citizenship, as fully stated below.

396851.1

**PROCEDURAL BACKGROUND**

1.      On or about December 06, 2021, Plaintiff Theresa Overing filed an action in the Superior Court of California, County of Los Angeles, Case No. 21CMCV00324, entitled *THERESA OVERING, an individual Plaintiff v. FLOWSERVE U.S. INC., a Delaware Corporation Defendant* (the "State Court Action").

2.      Plaintiff asserts six causes of action in the State Court Action against Flowserve, her former employer, for: (1) Discrimination and Harassment in Violation of FEHA; (2) Age Discrimination in violation of the ADEA; (3) Disparate Treatment in Violation of the ADEA; (4) Hostile Work Environment in Violation of the ADEA; (5) Wrongful Discharge in Violation of Public Policy; and (6) Warn Act Violation.

**TIMELINESS OF REMOVAL**

3.      On December 10, 2021, Plaintiff served C T Corporation System, Flowserve's agent for service of process, with the Summons, Complaint, and related case documents.  True and correct copies of the Summons, Complaint, and related documents are attached hereto as **Exhibit 1**.

4.      On December 7, 2021, the Court issued a Notice of Case Management Conference, a true and correct copy of which is attached hereto as **Exhibit 2**.

5.      December 22, 2021, Plaintiff filed Proof of Service of Summons, a true and correct copy of which is attached hereto as **Exhibit 3.**

6.      On January 6, 2022, Defendant Flowserve US Inc. filed its Answer to Complaint, a true and correct copy of which is attached hereto as **Exhibit 4**.

7.      Pursuant to 28 U.S.C. § 1446(a), **Exhibits 1** and **4** constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.  No other process, pleadings or papers have been filed in said action and no further proceedings have been had.

8.     This removal is timely filed as required by 28 U.S.C. § 1446(b) having been accomplished within 30 days of the date of first service of the State Court Action on Flowserve, which was December 10, 2021, and within one year of the date the State Court Action was filed on December 6, 2021.

## DIVERSITY JURISDICTION

9.     **Basis of Original Jurisdiction**.  Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See*, *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004).  Flowserve is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Flowserve pursuant to the provisions of 28 U.S.C. § 1441(b), because: (1) it is a civil action between citizens of different states, as Plaintiff is a citizen of California, and Flowserve is a citizen of Texas; and (2) it involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs.

10.     **Plaintiff's Citizenship**.  Plaintiff is a citizen and resident of the State of California, as alleged in her Complaint ¶ 3.

11.     **Defendant Flowserve's Citizenship**.  Flowserve, a corporation, was at the time of the filing of this action, and still is, a citizen of a different state, having been incorporated under the laws of the State of Delaware and with its principal place of business in the State of Texas. (Declaration of Kevin Henderson in Support of Notice of Removal of Action, at ¶ 2). Accordingly, Flowserve is now, and was at all material times, a citizen of states other than California within the meaning of 28 U.S.C. § 1332(c).

12.     **Amount in Controversy**.  The amount in controversy in this civil action exceeds $75,000.  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554

1   (2014).  Flowserve is not obliged to "research, state, and prove the plaintiff's claims

2   for damages."  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

3   1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198

4   (N.D. Cal. 1998).  Flowserve can establish the amount in controversy by the

5   allegations in the Complaint, or by setting forth facts in the notice of removal that

6   demonstrate that the amount placed in controversy by Plaintiff exceeds the

7   jurisdictional minimum.  *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at

8   1198.  In other words, the District Court may consider whether it is facially apparent

9   from the Complaint that the jurisdictional amount is in controversy.  *Id.*

10          13.     Settlement demand letters are admissible to establish the amount in

11  controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (Federal

12  Rule of Evidence 408 does not disallow reliance on settlement letters to assess

13  amount in controversy), *citing, Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)

14  ("Because the record contains a letter, which plaintiff's counsel sent to defendants

15  stating that the amount in controversy exceeded [the jurisdictional minimum], it is

16  'apparent' that removal was proper."); *Uribe v. Autozone, Inc.,* 166 Fed. Appx. 896,

17  897 (9th Cir. 2006) (District court properly relied upon a pre-removal settlement

18  letter to conclude that the amount in controversy exceeded the jurisdictional

19  minimum for diversity jurisdiction under 28 U.S.C. § 1332); *see, e.g., Ackerberg v.*

20  *Citicorp USA, Inc.*, 887 F. Supp. 2d 934, 939 (N.D. Cal. 2012) (The fact that the

21  amount in controversy exceeds $75,000 became apparent when Defendant received

22  settlement letter seeking $200,000.00); *Simmons v. PCR Tech., supra,* 209 F. Supp.

23  2d at 1033, fn. 2 ("A defendant may present evidence of settlement demands when

24  attempting to prove [the amount in controversy for] federal subject matter

25  jurisdiction."); *Talbott v. Target Corp.*, 2012 U.S. Dist. LEXIS 166541 (C.D. Cal.

26  2012) (Hon. Josephine Staton Tucker) (amount in controversy requirement satisfied

27  by demand letter in which plaintiff stated that she is "most likely to recover

28  approximately $73,888.00," and attorney fees).  Here, Plaintiff's counsel sent an

396851.1

4

email to Flowserve's counsel on December 17, 2021, with an attached document that sets forth the amount of alleged damages Plaintiff seeks to recover. (Declaration of Marytza J. Reyes in Support of Notice of Removal of Action, at ¶ 3). A true and correct copy of the email and attached damages calculation is attached hereto as **Exhibit 5**. Plaintiff's calculation of damages reflects that she seeks a total of $921,986, not including general damages, attorney fees, and punitive damages. Plaintiff's calculated total of $921,986 is comprised of separately calculated amounts for lost wages, future lost wages, lost retirement contributions, future lost retirement benefits, and other economic damages. Accordingly, Plaintiff's damages calculation establishes that the amount in controversy significantly exceeds $75,000.00.

14.    **Venue**.  Venue is proper in the Central District of California because this district embraces the Los Angeles County Superior Court, the court in which this action is currently pending.  28 U.S.C. §1441(a); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. §1441(a) and is properly laid in the district embracing the place where the action is pending.)

15.    **Conclusion**.  Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Flowserve is a citizen of Texas.  Furthermore, the amount in controversy exceeds $75,000.  Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and 1446, and Flowserve has properly removed the State Court Action to this Court.

16.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

17.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Flowserve or filed by Flowserve are attached hereto as **Exhibits 1** through **4**.

1    WHEREFORE, Flowserve prays that the State Court Action be removed from

2  the Superior Court of California, County of Los Angeles, to this Court.

3

4  DATED:  January 7, 2022                    SANCHEZ & AMADOR, LLP

5

6                                                /s/ Marytza J. Reyes

7                                              Marytza J. Reyes
                                               Brittaney de la Torre
8                                              Attorneys for Defendant
                                               Flowserve US Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28